UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT PETRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02809-TWP-TAB |
| | ) | |
| PAUL TALBOT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Service**

**I.**
**Screening Standard**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.
## The Complaint

The plaintiff brings Eighth Amendment medical claims pursuant to 42 U.S.C. § 1983 against defendants Dr. Paul Talbot and Wexford Health ("Wexford"). The plaintiff's Complaint contains specific allegations regarding how the defendants have failed to adequately examine and treat his back condition and pain. These allegations include that Dr. Talbot has ignored the plaintiff, delayed treating his back condition and pain, and failed to adequately examine x-rays to determine the proper course of treatment. They also include that Wexford and Dr. Talbot are being "vindictive" by not taking x-rays or performing any medical evaluation of his condition before attempting to treat him.

## III.
## Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, the following claims shall proceed.

First, an Eighth Amendment medical claim against Dr. Talbot.

Second, an Eighth Amendment policy or practice medical claim against Wexford.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through November 28, 2018,** in which to identify those claims.

## IV.
## Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Dr. Paul Talbot, and (2) Wexford Health in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 11/1/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT PETRO
920659
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Dr. Paul Talbot
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Wexford Health
c/o Registered Agent Douglas P. Long
500 N. Meridian St., Suite 400
Indianapolis, IN 46204

Courtesy Copy by U.S. Mail:

Doug Bitner
Katz Korin Cunningham
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204-1708